```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

EHLEN FLOOR COVERING, INC., a
Florida corporation, EDWARD EHLEN,
THOMAS EHLEN, FRANCIS EHLEN, and
DOLORES EHLEN, individuals, and
EHLEN FLOOR COVERINGS RETIREMENT
PLAN,

                     Plaintiffs,

vs.                                  Case No. 2:07-cv-666-FtM-29DNF

JEFFREY LAMB, individually, BRIAN
YOUNGS, individually, THOMAS
WANDERON, individually, LWY
ASSOCIATES, INC., formerly known as
Tax Accounting and Financial
Associates, Inc., INDEPENDENT
ADVISORS OF FLORIDA, INC., formerly
known as Foundation Asset
Management, Inc., THE GRADUATE
GROUP, INC., a Florida corporation,
PACIFIC LIFE INSURANCE COMPANY, a
Nebraska corporation, INNOVATIVE
PENSION STRATEGIES, INC., and JOSEPH
PENCHANSKY,

                     Defendants.
_____

## **OPINION AND ORDER**

This matter comes before the Court on plaintiffs' "Objection to Magistrate Order (Doc. 193) on Motion for Reconsideration (Doc. 185) as to Order on Motion to Compel (Doc. 179)" (Doc. #195), filed on June 7, 2010. Pacific Life Insurance Company (Pacific Life) filed an Opposition to Plaintiffs' Objection to the Magistrate's Discovery Order (Doc. #196) on June 21, 2010. Also before the

Court is Pacific Life's Objection to Order on Motion to Compel (Doc. #186)[1] and plaintiffs' Memorandum in Opposition (Doc. #190).

Plaintiffs object to the Magistrate Judge's May 21, 2010 Order (Doc. #193) granting Pacific Life's Motion for Clarification and/or Reconsideration (Doc. #185) of the Magistrate Judge's April 8, 2010 Order (Doc. #179) resolving motions to compel the production of documents. The magistrate judge reconsidered, and modified, his prior ruling as to Request No. 11. Plaintiffs argue that the magistrate judge had no authority to reconsider the prior ruling, and even if he did have such authority, the magistrate judge erred in his substantive modification of the prior Order.

A magistrate judge resolves a discovery motion by entry of a non-dispositive order pursuant to 28 U.S.C. § 636(b)(1)(A) and M.D. Fla. L.R. 6.01(a). The court's ability to reconsider and revise a prior order is not dependent upon a change of law or facts, but is within the discretion of the judge. An order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). See, e.g., Bon Air Hotel, Inc. v. Time, Inc., 426 F.2d 858, 862 (5th Cir. 1970)(an interlocutory order can be modified or rescinded at any time before it becomes final);[2] Mosher v.

---

[1]The Objection was filed simultaneously with a Motion for Clarification and/or Reconsideration (Doc. #185).

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. (continued...)

Speedstar Div. of AMCA Int'l, Inc., 52 F.3d 913, 917 (11th Cir. 1995)(district always has the authority to modify a prior ruling to conform to changes in law); Filebark v. U.S. Dep't of Transp., 555 F.3d 1009, 1013 (D.C. Cir. 2009)(a district court is free to reconsider interlocutory orders); Brown v. City of Pittsburgh, 586 F.3d 263, 298 (3d Cir. 2009)(same); Elephant Bute Irrigation Dist. of N.M. v. U.S. Dep't of Interior, 538 F.3d 1299, 1306 (10th Cir. 2008)(every order short of a final decree is subject to reopening at the discretion of the district judge (citation omitted)). Plaintiffs' objection that the magistrate judge was without authority to reconsider the prior Order is overruled.

A district court reviews an objection to a non-dispositive order of a magistrate judge to determine whether the order was clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Upon review, the Court concludes that plaintiffs have not established either that the order was clearly erroneous or that it was contrary to law. Therefore, this portion of the objection is overruled.

The Court finds that Pacific Life's objection was resolved by the second Order granting reconsideration and limiting production

---

[2](...continued)
1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

to the Plan at issue.  Therefore, its Objection will be overruled as moot.

Accordingly, it is now

**ORDERED**:

1.  Pacific Life Insurance Company's Objection to Order on Motion to Compel (Doc. #186) is **OVERRULED AS MOOT.**

2.  Plaintiffs' Objection to Magistrate Order (Doc. 193) on Motion for Reconsideration (Doc. 185) as to Order on Motion to Compel (Doc. 179) (Doc. #195) is **OVERRULED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __8th__ day of July, 2010.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record