```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

EHLEN FLOOR COVERING, INC., a
Florida corporation, EDWARD EHLEN,
THOMAS EHLEN, FRANCIS EHLEN,
individuals, and EHLEN FLOOR
COVERINGS RETIREMENT PLAN,

                      Plaintiffs,

vs.                                    Case No.  2:07-cv-666-FtM-29DNF

JEFFREY LAMB, individually, BRIAN
YOUNGS, individually, THOMAS
WANDERON, individually, LWY
ASSOCIATES, INC., formerly known as
Tax Accounting and Financial
Associates, Inc., A Florida
corporation, INDEPENDENT ADVISORS OF
FLORIDA, INC., formerly known as
Foundation Asset Management, Inc., a
Florida corporation, THE GRADUATE
GROUP, INC., a Florida corporation,
PACIFIC LIFE INSURANCE COMPANY, a
Nebraska corporation, EUGENE GORDON,
individually, INNOVATIVE PENSION
STRATEGIES, INC., a California
corporation, and JOSEPH PENCHANSKY,
individually,

                      Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court on the following motions:

(1) Pacific Life Insurance Company's Motion to Strike Jury Demand[1] (Doc. #230); (2) Defendant Innovative Pension Strategies, Inc.'s

---

[1] The Court dismissed Pacific Life Insurance Company as a defendant and therefore this motion is denied as moot. (See Doc. #316.)

Motion to Strike Plaintiffs' Request for Trial By Jury or Advisory Jury (Doc. #239); (3) Defendants The Graduate Group, Inc., Eugene Gordon, and Joseph Penchansky's Motion to Strike Jury Demand (Doc. #240); and (4) Defendants Jeffrey Lamb, Brian Youngs, Thomas Wanderon, LWY Associates, Inc., and Independent Advisors of Florida Inc. Notice of Joinder (Doc. #242). Plaintiff filed a Memorandum in Opposition. (Doc. #241.) The parties take different views as to whether plaintiffs are entitled to a trial by jury.

The Second Amended Complaint (Doc. #117), the operative pleading in this case, alleges one count of breach of fiduciary duty under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132.[2] In pertinent part, ERISA provides that "[a] civil action may be brought— . . . (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title; . . ." 29 U.S.C. § 1132(a)(2). The pertinent part of the cross-referenced statute reads as follows:

> (a) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

---

[2] The Court recently granted summary judgment as to the other substantive counts in the Second Amended Complaint. Therefore, plaintiff's arguments regarding a jury trial for the state law counts are moot.

ERISA § 409(a), 29 U.S.C. § 1109(a). Additionally, "[a] civil action may be brought - . . . "(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (I) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan; . . . ." ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

In the Second Amended Complaint plaintiffs allege that all defendants failed to discharge their duties with the care, skill, prudence and diligence required; engaged in prohibited actions, including self dealing; and acted under a conflict of interest. Plaintiffs further allege that defendants TGG and IPS failed to carry out their required administrative responsibilities. Plaintiffs allege that as a result of this conduct, they incurred substantial losses. As relief, plaintiffs seek to require defendants to "make good to one or more plaintiff(s) all losses resulting from defendants' breach of fiduciary duty and to provide other equitable or remedial relief" pursuant to § 502(a)(2). Additionally, plaintiffs seek to "enjoin defendants' violations of ERISA, and to obtain other appropriate equitable relief (I) to redress such violations or (ii) to enforce any provisions of ERISA

or the terms of the plan" pursuant to § 502(a)(3)(A) and (B). (Doc. #117, ¶ 23.)[3]

The Seventh Amendment to the United States Constitution provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, . . ." The use of the phrase "suits at common law" "mandates jury trials for legal actions but not for equitable actions." Chauffeurs, Teamster and Helpers, Local No. 391 v. Terry, 494 U.S. 558, 564 (1990). To determine the existence of a right to a jury trial, the Court must first "compare the statutory action to 18th century actions brought in the courts of England prior to the merger of the courts of law and equity" and then "examine the remedy sought and determine whether it is legal or equitable in nature." Granfinaciera v. Nordberg, 492 U.S. 33, 42 (1989) (quotation and citation omitted). "The second stage of this analysis is more important than the first." Id.

It is clear that there is no right to a jury trial for alleged violations of § 502(a)**(1)**, 29 U.S.C. § 1132(a)**(1)**, a provision not involved in this case. Blake v. Union Mutual Stock Life Ins. Co. of America, 806 F.2d 1525, 1526-27 (11th Cir. 1990); Vegter v. Canada Life Assur. Co., 311 Fed. App'x 248 (11th Cir. 2009), citing Stewart v. KHD Deutz of Am. Corp., 75 F.3d 1522, 1527 (11th Cir.

---

[3]Plaintiffs also seek attorney's fees pursuant to Section 502(g).

1996). It is also clear that there is no right to a jury trial for alleged violations of § 502(a)**(3)**, 29 U.S.C. § 1132(a)**(3)**. "Section 502(a)(3) by its terms, only allows for *equitable* relief." Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 221 (2002)(emphasis in original). See also CIGNA Corp. v. Amara, 131 S. Ct. 1866, 1878-79 (2011). Plaintiffs do not assert a right to a jury trial as to § 502(a)(3).[4] Plaintiffs do assert, however, that they have a right to a jury trial for a breach of fiduciary duty claim under § 502(a)**(2)**, 29 U.S.C. § 1132(a)**(2)**.

None of the parties has cited, and the Court has not found, a decision by the Eleventh Circuit resolving the issue of a right to jury trial on a § 502(a)(2) claim. The District Courts appear to be split. See, e.g., Chao v. Meixner, 2007 WL 422509 (N.D. Ga. Nov. 27, 2007)(jury trial appropriate); Broadnax Mills, Inc. v. Blue Cross & Blue Shield of Va., 876 F. Supp. 809, 817 (E.D. Va. 1995)(jury trial inappropriate); Spando v. Boeing Co, No. 06-cv-743-DRH, 2007 WL 1149192, at *7-8 (S.D. Ill. April 18, 2007)(collecting cases); Abbott v. Lockheed Martin Corp., NO. 06-cv-0701-MJF, 2007 WL 2316481 (S.D. Ill. Aug. 13, 2007)(jury trial inappropriate); Bona v. Barash, No. 01 Civ. 2289 (MBM), 2003 WL

---

[4]Section 1132(a)(3) speaks of remedies or appropriate forms of relief, and plaintiffs cannot obtain such relief in the abstract. Plaintiffs must first establish that at least one defendant violated ERISA in some other way, such as breaching a fiduciary duty. Cataldo v. U.S. Steel Corp., ___ F.3d ___, 2012 WL 1232642 at *11 (6th Cir. 2012).

1395932, at *33-35 (S.D.N.Y. Mar. 20, 2003)(jury trial appropriate); Lamberty v. Premier Millwork & Lumbuer Co. Inc., 329 F. Supp. 2d 737, 744-45 (E.D. Va. 2004)(jury trial appropriate).

Plaintiffs' cause of action is for breach of fiduciary duty, and as a general rule "breach of fiduciary duty claims were historically within the jurisdiction of the equity courts." Pereira v. Farace, 413 F.3d 330, 338 (2d Cir. 2005). The nature of the remedy sought also sounds in equity. The Second Amended Complaint seeks to require defendants to "make good to one or more Plaintiff(s) for losses resulting from Defendants' breach of fiduciary duty and to provide other equitable or remedial relief." (Doc. #117, ¶23.) Plaintiffs seek to have defendants reimburse them or the plan for additional taxes, penalties and interest paid to the Internal Revenue Service (IRS) as a result of the alleged breach of fiduciary duty. Essentially, plaintiffs seek restitution, which is typically an equitable remedy. The Court concludes that neither the nature of the issues encompassed by plaintiffs' claims nor the overall nature of the relief sought are legal in nature, and therefore finds that plaintiffs are not entitled to trial by jury.

The Court notes that IPS has asserted a two-count Counterclaim against plaintiffs. (Doc. #144.) Count I asserts a claim for Account Stated and Count II asserts a claim for Unjust Enrichment. Because IPS seeks to strike the jury demand contained the in

Complaint, and the Counterclaim does not otherwise request a jury trial, the Court concludes that IPS does not seek a trial by jury on the counterclaim.

Plaintiffs alternatively seek an Advisory Jury pursuant to Fed. R. Civ. P. 39(c).  Defendants contend that an advisory jury is not warranted.  Fed. R. Civ. P. 39(c) expressly permits actions not triable as of right to a jury to be tried with an advisory jury. When an advisory jury is empaneled under Rule 39(c) "[i]ts finding of facts are not binding on the trial court."  Wilson v. City of Aliceville, 779 F.2d 631, 365-36 (11th Cir. 1986).  The Court exercises its discretion and declines to empanel an advisory jury.

Accordingly, it is now

**ORDERED**:

(1) Pacific Life Insurance Company's Motion to Strike Jury Demand (Doc. #230) is **DENIED AS MOOT;**

(2) Defendant Innovative Pension Strategies, Inc.'s Motion to Strike Plaintiffs' Request for Trial By Jury or Advisory Jury (Doc. #239) is **GRANTED;**

(3) Defendants The Graduate Group, Inc., Eugene Gordon, and Joseph Penchansky's Motion to Strike Jury Demand (Doc. #240)is **GRANTED;** and

(4) Defendants Jeffrey Lamb, Brian Youngs, Thomas Wanderon, LWY Associates, Inc., and Independent Advisors of Florida Inc. Notice of Joinder (Doc. #242) is **GRANTED.**

(5) Plaintiffs' request for a trial by jury is hereby **STRICKEN**.

**DONE AND ORDERED** at Fort Myers, Florida, this  14th  day of May, 2012.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record